UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KARMAN MUSA,

        Plaintiff,

    v.                                       CAUSE NO. 3:19-CV-739-DRL-MGG

WESTVILLE CORRECTIONAL FACILITY,

        Defendant.

OPINION & ORDER

      Karman Musa, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. For a 42 U.S.C. § 1983 claim, "a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

      In the complaint, Mr. Musa alleges that, on June 21, 2019, a generator exploded outside the Westville Control Unit, and the ventilation system and lighting for his cell stopped working. Correctional staff denied and ridiculed his requests to be moved due to the extreme heat and lack of lighting. Though repairs were completed by July 3, these conditions caused malnutrition, seizures, chest pain, abdominal pain, heatstroke, and psychological pain. Based on these allegations, Mr. Musa asserts an Eighth Amendment claim regarding the conditions of his confinement against the Westville Correctional Facility.

In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). While Mr. Musa may be able to assert a valid Eighth Amendment claim, he has not done so here because he has not named a viable defendant. The Westville Correctional Facility is a building, not an individual, corporation, or governmental entity that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Mr. Musa may not proceed on this complaint.

Nevertheless, the court will give Mr. Musa an opportunity to file another amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he must put the case number of this case on it, which is on the first page of this order. However, he should only file an amended complaint if he believes he can address the deficiencies set forth in this order.

For these reasons, the court:

(1) GRANTS Karman Musa, until <u>June 15, 2020</u> to file an amended complaint; and

(2) CAUTIONS Karman Musa, that, if he does not respond by that deadline, this case will be dismissed without further notice;

SO ORDERED.

May 18, 2020                                          *s/ Damon R. Leichty*
                                                             Judge, United States District Court